# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Originally Filed: February 8, 2022
Refiled in Redacted Form: March 21, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| A.F.P., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 21-1990V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Application for Fees and Costs. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

A.F.P., pro se, for petitioner.
Tyler King, United States Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING COSTS**[1]

On October 8, 2021, A.F.P. ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] Petitioner alleged that she suffered shoulder pain and polymyalgia rheumatica as a result of a pneumococcal conjugate ("Prevnar 13") vaccination on October 8, 2018. Petition at 1 (ECF No. 1).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this Decision are to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

This case was reassigned to the undersigned on October 12, 2021. Notice of Reassignment dated Oct. 12, 2021 (ECF No. 8). Thereafter, the undersigned held a status conference on November 17, 2021, where petitioner was directed to file her outstanding medical records by January 18, 2022. Order dated Nov. 17, 2021 (ECF No. 13).

On January 18, 2022, petitioner filed a notice of voluntary dismissal, indicating that petitioner elects to voluntarily dismiss her petition under Vaccine Rule 21(a)(1). The undersigned issued an Order Concluding Proceedings on February 7, 2022. Order Concluding Proceedings dated Feb. 7, 2022 (ECF No. 17).

On January 18, 2022, petitioner filed a motion reimbursement of fees and costs, requesting reimbursement of the $402.00 filing fee. Petitioner's Application for Fees and Costs ("Pet. Mot."), filed Jan. 18, 2022 (ECF No. 15).

Respondent filed a response to petitioner's motion on January 19, 2022, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Jan. 19, 2022, at 2 (ECF No. 16).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and awards $402.00 in costs.

**I.     DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award costs is appropriate here.

    **A.     Costs**

Petitioner requests $402.00 to cover the filing fee. Pet. Mot. at 1. The undersigned finds this cost reasonable and well-documented, and she will award this cost in full.

**II.     CONCLUSION**

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner as follows:

| | |
|---|---|
| Requested Costs: | $ 402.00 |
| Reduction of Costs: | - ($ 0.00) |
| Awarded Costs: | $ 402.00 |
| **Total Costs:** | **$ 402.00** |

**Accordingly, the undersigned awards:**

A lump sum in the amount of **$402.00, representing reimbursement for reasonable costs, in the form of a check payable to petitioner, Ms. A.F.P.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>/s/ Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.